# Supreme Court of Texas

No. 22-0186

City of Killeen–Killeen Police Department,
*Petitioner*,

v.

Aamir Terry, individually, and a/n/f to A.T., Minor Child,
*Respondent*

On Petition for Review from the
Court of Appeals for the Third District of Texas

**PER CURIAM**

Respondent Aamir Terry sued the City of Killeen's police department after a police cruiser responding to a 9-1-1 call struck his vehicle. In determining whether the Texas Tort Claims Act waives the City's governmental immunity, the court of appeals applied a categorical rule: "[A] governmental entity is immune from suits to recover damages resulting from the emergency operation of an emergency vehicle unless the operator acted recklessly." ___ S.W.3d ___, 2022 WL 221240, at *3 (Tex. App.—Austin Jan. 26, 2022). The court concluded that Terry had raised a fact issue as to the officer's recklessness and therefore affirmed the trial court's denial of the City's plea to the jurisdiction.

After the court of appeals issued its opinion, however, we explained in *City of Austin v. Powell* that recklessness is not always the standard. 704 S.W.3d 437, 449 (Tex. 2024); *see id.* at 455 (explaining why "the inquiry" will not "*always* be one into the officer's recklessness"). Rather, the Tort Claims Act's emergency exception "contemplates two distinct inquiries to be undertaken in a particular order." *Id.* at 449 (applying TEX. CIV. PRAC. & REM. CODE § 101.055(2)). "First, the court must assess whether any laws or ordinances apply to the emergency action at issue in the case." *Id.* If a law or ordinance applies to the emergency action or to some aspect of it, then "the jurisdictional inquiry turns on whether the officer's action complied with the relevant law or ordinance." *Id.* Only if no law or ordinance applies may the court move to the second inquiry— "whether there is a fact issue as to that officer's recklessness in undertaking the action that led to the injury." *Id.*

Here, the court of appeals noted Terry's allegation that the officer violated Section 546.001 of the Transportation Code. *See id.* at 452 (indicating that the laws applicable to emergency action include Section 546.001). Under *Powell*, resolution of the officer's "compliance with the laws and ordinances applicable to emergency action" should have preceded any recklessness inquiry. *See* TEX. CIV. PRAC. & REM. CODE § 101.055(2).

Moreover, unlike *Powell*, this case implicates a second exception that may take Terry's claims outside the ambit of the Tort Claims Act's immunity waiver. In addition to Section 101.055, the City invoked Section 101.062. That Section, titled "9-1-1 Emergency Service," states that the Tort Claims Act

> applies to a claim against a public agency that arises from
> an action of an employee of the public agency or a volunteer

2

> under direction of the public agency and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action.

*Id.* § 101.062(b). It is undisputed that the officer here was responding to a 9-1-1 call when his cruiser struck Terry's vehicle.

Section 101.062's text differs from that of Section 101.055 in several ways. While Section 101.055 speaks of "compliance with the laws and ordinances applicable to emergency action," *id.* § 101.055(2), Section 101.062 asks whether an action "violates a statute or ordinance applicable to the action" and contains no recklessness prong, *id.* § 101.062(b). Although the court of appeals acknowledged that the dispute implicates Section 101.062, it assumed that the provision had no meaning distinct from Section 101.055's and proceeded directly to the recklessness analysis. 2022 WL 221240, at *3-4. But Sections 101.055 and 101.062 are separate exceptions; each may independently remove Terry's claims from the immunity waiver. On remand, therefore, the court of appeals should specifically consider Section 101.062's application. If Terry has not raised a fact issue about whether the officer's action "violate[d] a statute or ordinance applicable to the action," TEX. CIV. PRAC. & REM. CODE § 101.062(b), then Section 101.062 withdraws the Tort Claims Act's immunity waiver, and Terry's claims must be dismissed.

Accordingly, without hearing oral argument, we grant the petition for review, vacate the court of appeals' judgment, and remand to that court for further proceedings in light of *Powell*. *See* TEX. R. APP. P. 59.1, 60.2(f).

**OPINION DELIVERED:** April 25, 2025